IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**MARK ANTHONY ROBINSON**                               **PETITIONER**

No. 4:21-cv-00924 KGB/PSH

**DEXTER PAYNE, Director,**
**Arkansas Division of Correction ("ADC")**             **RESPONDENT**

### FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Mark Anthony Robinson ("Robinson"), who is in the custody of the ADC, filed this application for writ of habeas corpus pursuant to 28 U.S.C. §2254 on October 12, 2021. Robinson entered a guilty plea to the charge of first-degree murder in Saline County in 1993, and was sentenced to life in prison. In 2019, Robinson filed a postconviction petition with the trial court, citing ineffective assistance of counsel.

1

The trial court denied the petition as untimely. An appeal was unsuccessful. Later in 2019, Robinson filed a motion to set aside his judgment with the trial court. The trial court denied relief, holding that postconviction relief was not available under Arkansas Rule of Civil Procedure 60. Robinson unsuccessfully appealed this decision.

In his federal habeas corpus petition, Robinson advances the following claims for relief:

1. His guilty plea was the result of fraud;

2. He did not agree to plead guilty in exchange for a sentence of life in prison; and

3. His guilty plea was not properly recorded or taken in the manner required by the Arkansas Rules of Criminal Procedure.

**Statute of Limitations**

Respondent Dexter Payne ("Payne") contends that the statute of limitations bars consideration of these claims. Section 101 of 28 U.S.C. 2244 (as amended) imposes a one year period of limitation on petitions for writ of habeas corpus:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for

seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Payne contends that Robinson's habeas petition should be dismissed because it was filed after the applicable statute of limitations expired. Because Robinson's judgment of conviction became final[1] before the one-year statute of limitations was enacted, he was allowed one year from the date the limitations statute became effective to timely file his petition. *Wood v. Milyard*, 566 U.S. 463, 468 (2012). The one-year statute of limitations went into effect on April 24, 1996, and, if not tolled, expired on April 24, 1997, 24 years before Robinson's habeas petition was filed.

---

[1] The judgment in Robinson's case was entered on December 7, 1993. It became final after the time for filing an appeal expired, or 30 days from entry of judgment. *See Camacho v. Hobbs*, 774 F.3d 931 (8th Cir. 2015); Ark. R. App. P. 4(a)(1994).

Robinson's failure to timely file his habeas petition may be excused if the limitations period is tolled under the terms of the statute or for equitable reasons. Statutory tolling, however, is of no avail to Robinson in this instance. According to the statute, the time period during which a properly filed application for post-conviction relief or collateral review is pending should not be counted toward the limitations period. 28 U.S.C. § 2244(2). However, a state court petition filed after the federal statute of limitations has expired is of no effect because there is "no federal limitations period remaining to toll." *Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001). Robinson's two post-conviction motions,[2] both filed in 2019, were filed long after the federal limitations period expired. Therefore, the time during which they were pending did not toll the statute of limitations.[3]

In addition to statutory tolling, the failure to file a timely petition can be excused due to equitable tolling:

> Equitable tolling is appropriate where extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time, or where a defendant's conduct lulls the prisoner into inaction. *Id.* The doctrine applies "only when some fault on the part of the defendant has caused a plaintiff to be late in filing, or when other circumstances, external to the plaintiff and not attributable to his actions, are responsible for the delay." *Flanders v. Graves,* 299 F.3d 974, 977 (8th Cir.2002).

---

[2]Those motions were his July 2, 2019 motion claiming ineffective assistance of counsel and his December 19, 2019 motion to set aside judgment .

[3]The Court notes that even if the time during which both post-conviction motions were pending served to toll the statute of limitations, Robinson's federal habeas petition would still have been untimely filed.

>Equitable tolling is an "exceedingly narrow window of relief." *(Citation omitted)*.

*Maghee v. Ault*, 410 F.3d 473, 476 (8th Cir. 2005). Robinson's failure to file a timely federal petition is not excused due to equitable tolling under the circumstances presented.

Robinson, notified by the Court of his opportunity to oppose dismissal based on the limitations period, submitted two pleadings. Docket entry nos. 10 & 11. Robinson argues that the state courts failed to conduct a *de novo* review of the claims he raised in his 2019 petitions. He also reiterates his claims for relief – he did not agree to the term of imprisonment, the Rules of Criminal Procedure were not followed in accepting his plea, and these errors resulted in him entering a fraudulent guilty plea.

Robinson's arguments miss the mark. He is not entitled to equitable tolling of the limitations period unless he can establish that extraordinary circumstances beyond his control prevented him from filing a timely petition. It is not enough to repeat his arguments for relief or to claim the state courts, in 2019, erred in failing to review his case *de novo*. Simply put, Robinson fails to provide evidence of extraordinary circumstances that would justify the equitable tolling of the statute of limitations.

## Conclusion

The one-year limitations period applicable to Robinson expired April 24, 1997. The limitations period was not statutorily or equitably tolled. Thus, Robinson's October 2021 federal habeas petition was untimely filed and should be dismissed.

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a denial of a constitutional right. Thus, the Court recommends that the certificate of appealability be denied.

IT IS SO RECOMMENDED this 10th day of January, 2022.

_____
UNITED STATES MAGISTRATE JUDGE